IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

                                            Case No. 4:03cr56-RH

**vs.**

**JOSEPH MICHAEL WYMAN,**

    Defendant.

_____/

## ORDER ON LETTERS TO THE CLERK

Defendant has submitted two letters to the clerk seeking copies of documents. Docs. 172 and 173. Defendant is currently represented by counsel and his case is pending on direct appeal. *See* doc. 168 (showing that the record was received by the court of appeals on November 12, 2004).

The clerk shall forward a copy of the docket to Defendant for his information. He may send a written request to the clerk for copies, referencing the document number of each document requested. The clerk will then respond with a letter advising Defendant of the total number of pages of the documents requested, and Defendant will be required to pay $.50 per page. Defendant may also ask his appellate attorney for documents, particularly after the appeal is concluded.

Once Defendant's conviction has become final on direct review, he may seek post conviction relief under 28 U.S.C. § 2255.[1]  If he is granted leave to proceed in forma pauperis he may be furnished with copies of the record as required by order of the judge before whom his application for relief is pending, and may be provided transcripts if the court certifies that the issue is not frivolous and the transcript is necessary.  28 U.S.C. § 2250 and § 753(f), respectively.  At this time, however, his request for documents is premature.  *See* Walker v. United States, 424 F.2d 278, 278-279 (5th Cir. 1970) (under § 2250, "[a] federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.") (citations omitted); United States v. Connors, 904 F.2d 535, 536 (9th Cir. 1990) (citing Walker); United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) ("a motion for a free transcript pursuant to § 753(f) is not ripe until a § 2255 motion has been filed.")

Accordingly, it is **ORDERED:**

1.  Defendant's letter motions (docs. 172 and 173) are **DENIED**; however the clerk shall forward a copy of the docket to Defendant without charge.

---

[1] Defendant is advised that there is a one year limitations period for filing a § 2255 motion, which runs from "the date on which the judgment of conviction becomes final," unless a later date (specified in the statute) applies.  § 2255.

Case No. 4:03cr56-RH

    2.  The clerk shall forward a copy of this order to Defendant's counsel of record, for his information.

**DONE AND ORDERED** on April 28, 2005.

       s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**